UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SANDRA BRIETZKE,<br>Plaintiff,<br>v.<br><br>SEAN KILLAM,<br><br>Defendant. | ) | Civil No. 26-cv-13590-ADB |

**ORDER**

BURROUGHS, D.J.

Sandra Brietzke ("Brietzke") initiated this action by filing a *pro se* complaint, [Dkt. No. 1] with an affidavit that was entered on the docket as a motion for leave to proceed *in forma pauperis*. [Dkt. No. 2]. On August 7, 2026, Brietzke's motion was denied and she was informed that to proceed with this action, she must either pay the $405.00 filing and administrative fees or move for leave to proceed without prepayment of the filing fee in compliance with the rule, including that the affidavit must be signed and dated. [Dkt. No. 4]. The order stated that failure of plaintiff to comply with this directive will result in the dismissal of this action. Id. at 2.

In response, Brietzke filed two motions. [Dkt. Nos. 6, 7]. The first motion is styled as a motion to submit an affidavit and is accompanied an "affidavit of truth and fact" that purports to explain why Brietzke and others are not obligated to pay fees including the filing fee for the instant action. [Dkt. No. 6]. The second motion requests that I recuse myself from this matter for "bias" and "due to breach of oath/constitution, civil rights, etc." . [Dkt. No. 7 at 5]. In addition, Brietzke states that she has provided all pertinent information needed to understand the court fees. Id. at 1.

Under 28 U.S.C. § 455(a), a federal judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." The longstanding test is whether the facts "create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge h[er]self or even necessarily in the mind of the litigant filing the motion under 28 U.S.C. § 455, but rather in the mind of the reasonable man." United States v. Cowden, 545 F.2d 257, 265 (1st Cir. 1976). This requirement ensures that the "courts must not only be, but seem to be, free of bias or prejudice." In re United States, 158 F.3d 26, 30 (1st Cir. 1998). "Disqualification [under section 455] is not required on the basis of remote, contingent, indirect or speculative interests." United States v. Bayless, 201 F.3d 116, 127 (2d Cir. 2000). As emphasized by the United States Supreme Court, "[ ]judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.... [a]lmost invariably, they are proper grounds for appeal, not for recusal ..." Liteky v. United States, 510 U.S. 540, 555 (1994). Courts must not grant recusal simply to avoid any allegation of prejudice since doing so "would provide litigants with a veto against unwanted judges." In re Boston's Children First, 244 F.3d 164, 167 (1st Cir. 2001).

Here, there is no reason to conclude that the Court's impartiality could reasonably be questioned in this case. Brietzke's complete statement for seeking my recusal from the current suit is that she seeks "[r]ecusal for bias, Cannon Law 2, 3. Also, due to breach of oath/constitution, civil rights, etc. Liteky v. United States; 28 U.S.C. 455(a) (b (1, 2) ); 28 U.S.C. 453 (breach)." Dkt. No. 7 at 5. This sparse statement does not allege facts demonstrating a bias or prejudice requiring disqualification.

As to the filing fee for this action, Brietzke explains that when filing, she had provided "all pertinent information needed to understand the court fees." [Dkt. No. 7 at 1]. She further states that she is a "natural living, breathing flesh-and-blood beings of God. . . [and that the]

UCC codes etc. are for the judicial proceedings and not for [Brietzke]." Id. Brietzke also submitted an affidavit [Dkt. No. 6], to which she attaches several exhibits including her 35-page "AFFIDAVIT OF TRUTH AND FACT ADDENDUM NO. 2." [Dkt. No. 6-1 (emphasis in original)].

Although Brietzke filed timely responses, she failed to pay the $405.00 filing and administrative fees or move for leave to proceed *in forma pauperis* in compliance with the rule, including that the affidavit must be signed and dated. Brietzke's responses, [Dkt. Nos. 6, 7], do not satisfy the requirements of 28 U.S.C. § 1915(a)(1) which requires "an affidavit that includes a statement of all assets ... that the person is unable to pay such fees or give security therefor." Id.; see Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 205 (1993) (noting purposes of § 1915(a) affidavit requirement). Brietzke's motions do not address her assets or the deficiencies in her initial application to proceed *in forma pauperis*.

While the Court must construe a *pro se* litigant's pleading liberally, *pro se* litigants are not excused from complying with the Federal Rules of Civil Procedure or the Local Rules of this district. F.D.I.C. v. Anchor Props., 13 F.3d 27, 31 (1st Cir. 1994); see Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000) (noting that pro se litigants are not exempt from procedural rules).

Dismissal of this action is appropriate in light of Brietzke's failure to submit a compliant motion for leave to proceed *in forma pauperis*. Brietzke's pleadings do not provide sufficient information about her financial circumstances and no further opportunity to do so will be provided given her position that she is not required to pay a filing fee.

For the foregoing reasons, the Court hereby orders:

1. The pending motions [Dkt. Nos. 6, 7] are DENIED.

2. This action is DISMISSED WITHOUT PREJUDICE.

3. The Clerk shall enter a separate order of dismissal.

**SO ORDERED.**

September 8, 2026

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE